**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000666
28-FEB-2023
07:53 AM
Dkt. 160 MO**

NO. CAAP-17-0000666

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

KAWIKA FRANCO, Individually and as Personal Representative for the Estate of TIARE FRANCO; PEACHES KONG AND APPLES ELABAN, as Next Friends of LOVELY FRANCO (Minor); TAUA GLEASON, as Next Friend of KOLOMANA KONG KANIAUPIO GLEASON AND KAULANA KONG KANIAUPIO GLEASON (Minors); and CHERYL RUSSELL, as Next Friend of JEANNE RUSSELL (minor), Plaintiffs-Appellants,
v.
SABIO REINHARDT, Defendant/Cross-Claim Plaintiff/Appellee,
and
JOSIAH OKUDARA, Defendant/Cross-Claim Defendant/Appellee,
and
JOHN DOES 2-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; DOE "NON-PROFIT" CORPORATIONS 1-10; and DOE GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0458(1))

MEMORANDUM OPINION
(By:  Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

This case arises from a motor vehicle accident in which Defendant-Appellee Sabio Reinhardt (**Reinhardt**) was allegedly driving a 2005 Dodge Ram pickup truck (**Truck**) owned by his girlfriend, Reinette Kama (**Kama**).  On May 14, 2011, Reinhardt was allegedly driving the Truck with Tiare Franco (**Franco**) as a passenger when Reinhardt crashed and Franco died at the scene. National Interstate Insurance Company, Inc. (**NIIC**) issued an

automobile insurance policy (**Policy**) for the Truck.[1] Following Franco's death in 2011, her estate, spouse, and four minor children (collectively, **Plaintiffs**)[2] initiated a wrongful death action against Reinhardt.

This appeal concerns whether counsel retained by NIIC to defend Reinhardt (**Retained Counsel**) could withdraw from representing Reinhardt, then re-represent Reinhardt and file motions on his behalf without re-establishing contact or obtaining Reinhardt's consent.[3]

Plaintiffs appeal from the: (1) "Order Granting [Reinhardt's] Motion to Set Aside Final Judgment Filed on May 18, 2016 and Order Granting Plaintiffs' Motion for Taxation of Costs and Pre-Judgment Interest Filed on July 28, 2016 and for New Trial" (**Order Granting Motion to Set Aside**); and (2) "Order Denying Plaintiffs' Motion to Disqualify Counsel" (**Order Denying Motion to Disqualify**), both entered on September 6, 2017 by the Circuit Court of the Second Circuit (**Circuit Court**).[4]

On appeal, Plaintiffs contend that the Circuit Court erred in: (1) granting the Motion to Set Aside because there were no exceptional circumstances to justify relief under Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 60(b); (2) granting a new

---

[1] NIIC issued the Policy to Kama's ex-husband, William A. Cornelio, Jr.

[2] Plaintiffs include Kawika Franco, Individually and as Personal Representative for the Estate of Tiare Franco; Peaches Kong and Apples Elaban, as Next Friends of Lovely Franco (Minor); Taua Gleason, as Next Friend of Kolomana Kong Kaniaupio Gleason and Kaulana Kong Kaniaupio Gleason (Minors); and Cheryl Russell, as Next Friend of Jeanne Russell (Minor).

[3] This case is currently before us on remand from the Hawaiʻi Supreme Court after this court dismissed the Plaintiffs' appeal for lack of jurisdiction because the Circuit Court had set aside the final judgment and granted a new trial, which we deemed was an unappealable interlocutory and non-final order. Franco v. Reinhardt, SCWC-17-0000666, 2018 WL 1392334, at *1 (Haw. March 20, 2018). The Hawaiʻi Supreme Court held that the post-judgment Order Granting Motion to Set Aside and Order Denying Motion to Disqualify are appealable for purposes of appellate jurisdiction. Id. Accordingly, the supreme court vacated our dismissal order and remanded the case to this court for disposition. Id. Thus, in light of the Hawaiʻi Supreme Court's order, we address Plaintiffs' appeal on the merits.

[4] The Honorable Rhonda I.L. Loo presided.

trial and a second bite at the apple where NIIC decided not to defend Reinhardt while the issue of NIIC's duty to defend was not fully resolved; and (3) denying Plaintiffs' Motion to Disqualify because Reinhardt's Retained Counsel had voluntarily withdrawn from representing Reinhardt and failed to newly obtain Reinhardt's consent to representation pursuant to Hawaiʻi Rules of Professional Conduct (**HRPC**) and Hawaiʻi law.

For the reasons discussed below, we conclude that Retained Counsel did not have the authority or Reinhardt's consent to file motions on behalf of Reinhardt and the Circuit Court erred in denying the Motion to Disqualify and granting the Motion to Set Aside.  Thus, we vacate the Order Granting Motion to Set Aside and the Order Denying Motion to Disqualify.

## I.  Procedural Background

**A.  Reinhardt's Representation in the Instant Case**

On May 3, 2012, Plaintiffs filed a Complaint against Reinhardt alleging, *inter alia*, that Reinhardt operated the Truck in a "negligent, grossly negligent, reckless or wanton and willful manner, which action or omission was the legal and substantial cause of and/or a substantial factor in causing [Franco's] wrongful death[.]"  On June 11, 2012, NIIC informed Reinhardt that it had retained the Law Offices of Cary T. Tanaka to defend him under a reservation of rights.

On March 20, 2013, NIIC filed a separate action in the Circuit Court for declaratory judgment (**DJ Action**) to determine whether NIIC owed a duty to defend and indemnify Reinhardt.[5]  In the DJ Action, the Circuit Court granted NIIC's motion for summary judgment, concluding there was no possibility of insurance coverage for Reinhardt under the Policy.  Plaintiffs appealed in National Interstate Insurance Company, Inc. v. Reinhardt, No. CAAP-14-0001066, 2017 WL 1210101 (Haw. App. March 31, 2017) (Mem. Op.), as corrected (May 15, 2017) (**DJ Appeal**).

---

[5]  The Honorable Rhonda I.L. Loo also presided over the DJ Action.

On July 29, 2014, following the Circuit Court's grant of summary judgment in favor of NIIC in the DJ Action, Retained Counsel filed a "Motion to Withdraw as Counsel for [Reinhardt]" (**Motion to Withdraw**) in this case citing, *inter alia*, HRPC Rule 1.16.[6]  In support of the Motion to Withdraw, Retained Counsel attested to the following:

> 5.  On June 11, 2012, NIIC informed [Reinhardt] that it had retained our office to defend him in the subject lawsuit under a reservation of rights.
>
> . . . .
>
> 7.  During such representation, our office's attorneys' fees and costs have been billed to and paid for by NIIC and not [Reinhardt].
>
> . . . .
>
> 9.  On November 21, 2013, this Court granted NIIC's Motion for Summary Judgment . . . finding that there was no possibility of coverage for [Reinhardt].
>
> . . . .
>
> 11.  On July 30, 2014, our office received a copy of a letter from Gregory K. Markham, Esq., attorney for NIIC, to

---

[6]  In 2014, HRPC Rule 1.16 (2014) provided in pertinent part:

> **Rule 1.16. DECLINING OR TERMINATING REPRESENTATION.**
>
> **(a)** Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
>     . . .
>     (3) the lawyer is discharged.
> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>     . . .
>     (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client[.]
>     . . . .
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.
>
> (d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred.

[Reinhardt], wherein NIIC notified [Reinhardt] that NIIC "hereby withdraws coverage of your defense effective immediately." ....

12. Subsequent to this letter, I contacted the NIIC insurance adjuster, Walter Tani, assigned to this matter and confirmed that our office would no longer be retained to defend [Reinhardt].

13. I informed Mr. Tani that I would be required to file this Motion to Withdraw.

14. On July 22, 2014, I informed [Reinhardt], who is currently incarcerated on [sic] at the Maui Correctional Facility, that our office was no longer retained by NIIC to defend him in this case, and that we would be filing this Motion to Withdraw.

15. [Reinhardt] indicated that he understood that our Firm would be withdrawing from representation and agreed with such withdrawal. He requested that we copy and transmit all documents and materials in the litigation to him, which we are in the process of doing. He further acknowledged that he has no source of income to pay our office to continue to defend him.

On March 11, 2015, the Circuit Court granted Retained Counsel's Motion to Withdraw. Thereafter, Reinhardt proceeded to defend this case *pro se*. Approximately one month before the trial date, the Plaintiffs and the Circuit Court lost contact with Reinhardt who had been released from prison.[7] A jury trial took place during the week of April 25, 2016, without Reinhardt's presence. The jury returned a verdict in favor of Plaintiffs and the Circuit Court entered Final Judgment on May 18, 2016.

**B. Post-DJ Appeal**

On March 31, 2017, after the Circuit Court entered Final Judgement in the instant case, this court in the DJ Appeal vacated the Circuit Court's judgment in favor of NIIC. In the DJ Appeal, we held that the Circuit Court erred in granting summary judgment because there were "genuine issues of material fact regarding whether Reinhardt reasonably believed he was entitled

---

[7] During a hearing on April 21, 2016, the Circuit Court stated that the court clerk was unable to contact Reinhardt and that the court contacted Reinhardt's last criminal attorney who was unable to provide Reinhardt's e-mail or mailing address, or a telephone number. At the hearing, Plaintiffs' counsel also stated that she had no contact with Reinhardt, had tried to contact Reinhardt's criminal attorney, and had been mailing everything to the prison.

to operate the Truck at the time of the fatal accident."  2017 WL 1210101, at *7-8. Following the <u>DJ Appeal</u>, NIIC again retained the same law firm and attorney to represent Reinhardt under a reservation of rights.[8]

In this case, on May 16, 2017, nearly a year after the Final Judgement was entered, Retained Counsel filed the Motion to Set Aside, seeking relief pursuant to HRCP Rule 60(b)(5)[9] and 60(b)(6).  The Motion to Set Aside stated that "[t]o date, counsel for [Reinhardt] has still not been able to make contact with him."  On June 15, 2017, Plaintiffs filed the Motion to Disqualify, arguing that Retained Counsel failed to obtain Reinhardt's informed consent and waiver of any potential conflicts of interest, and that Reinhardt had no idea he was being represented in this action or that a Motion to Set Aside had been filed on his behalf.

During the hearing on August 24, 2017, for the Motion to Set Aside and the Motion to Disqualify (**8/24/17 Hearing**), the Circuit Court orally granted the Motion to Set Aside and denied the Motion to Disqualify.  The written orders were entered on September 6, 2017.

## II.  Discussion

We address Plaintiffs' third point of error because our resolution of this point is dispositive of the issues on appeal. Plaintiffs contend the Circuit Court erred in denying the Motion to Disqualify because, *inter alia*, HRPC Rules and Hawaiʻi law

---

[8]  On remand in the DJ Action, it does not appear the Circuit Court has made any determination as to whether NIIC owes a duty to defend and/or indemnify Reinhardt.

[9]  Plaintiffs contend that the Motion to Set Aside was based on HRCP Rule 60(b)(1) and (6).  In the memorandum in support of the Motion to Set Aside, Retained Counsel provided a block quote of HRCP Rule 60(b) which quoted subsections (1) and (6).  However, the memorandum in support of the motion stated "Defendant REINHARDT's position is that this motion is brought under numbers (5) and (6) above which allows for the reasonable filing for relief[.]"  Further, during the hearing on the Motion to Set Aside, Retained Counsel asserted that the motion was made pursuant to HRCP Rule 60(b)(5) and (6).

required Reinhardt's knowledge and consent to Retained Counsel's representation.

Appellate courts apply the abuse of discretion standard for reviewing a lower court's denial of a motion for disqualification. <u>Hussey v. Say</u>, 139 Hawaiʻi 181, 185, 384 P.3d 1282, 1286 (2016).  "Under the abuse of discretion standard, the trial court may not be reversed by an appellate court unless the trial court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." <u>Id.</u> at 185-86, 384 P.3d at 1286-87 (citation omitted).

> During the 8/24/17 Hearing, Retained Counsel argued:
>
> [Retained Counsel]: Yeah, the position is well, you don't have authority. We tried, your Honor. There was a letter that was sent to Mr. Reinhardt that appears to have been signed by him via certified mail from National saying please contact [Retained Counsel] and his office because they were now retained to represent you and they need to file this motion to set aside.
>
> In addition to that, we hired a private investigator who was able to go to his house -- he wasn't there -- but to get a phone number, and I personally have left several messages with him asking him to call me. At the point when his number no longer worked, I sent the investigator out to go back once again to try to get another number. He was unsuccessful.
>
> We then hired a second set of investigators to see if they had -- they would have better success. They went out there twice. They weren't able to find him a second time. They delivered a letter from me informing him about the hearing today and our representation. So to say we haven't done everything we could to try to contact him, I think, is just not the case.
>
> We did do our best to try to contact him which then puts me in a weird position because what do I do? Sit on my hands and allow the one-year time period to lapse or do I do something and I file the motion? Well, I'm not going to sit on my hands. I'm going to do my best to try to defend him properly, and that's why we filed this motion, your Honor, and that's why we're here today.

After the Circuit Court had already granted the Motion to Set Aside, the Circuit Court denied the Motion to Disqualify stating:

> [The Court]: The second motion regarding the disqualifying counsel, additionally, the Court also finds <u>in light of the unusual facts surrounding this case, it would not be equitable to disqualify [Retained Counsel] as counsel</u>. The Court does recognize plaintiff's concerns regarding the rules of professional conduct; however, the Court feels

> confident, as defense counsel assured in its brief, that defense counsel is making every effort – significant efforts to locate Mr. Reinhardt to receive his consent, and that <u>any error in denying this motion can be quickly and harmlessly remedied if Defendant Reinhardt is finally located and contacted and expressed a desire, perhaps, not to retain [Retained Counsel] as counsel at that time</u>.
>
> Accordingly, the Court is denying plaintiff's motion to disqualify counsel.

(Emphases added.)

"An attorney-client relationship is contractual and consensual, and such a relationship can be formed only with the consent of the attorney and the individual seeking representation.  The consent of the parties must be personal and must flow between the particular individuals." <u>Office of Disciplinary Counsel v. Cusmano</u>, 93 Hawai'i 411, 415, 4 P.3d 1109, 1113 (2000) (brackets, ellipsis and citation omitted).

Here, the parties do not dispute that following the Circuit Court's grant of Retained Counsel's Motion to Withdraw on March 11, 2015, Retained Counsel withdrew from representing Reinhardt in this case.  Accordingly, the attorney-client relationship between Retained Counsel and Reinhardt was terminated and Retained Counsel was required to newly obtain Reinhardt's consent to representation.  However, as explained above, despite Retained Counsel's multiple attempts to contact Reinhardt, Retained Counsel was unable to establish any means of contacting Reinhardt before filing the Motion to Set Aside.

Although NIIC again hired Retained Counsel for Reinhardt after the <u>DJ Appeal</u>, NIIC's retention of counsel does not change the requirement for Reinhardt's consent to the representation and Reinhardt has the right to refuse representation under a reservation of rights.  In this regard, Plaintiffs cite, inter alia, HRPC Rule 1.8(f) (2014), which provides:

> Rule 1.8.   CONFLICT OF INTEREST: PROHIBITED TRANSACTIONS.
>
> . . . .
>
>   (f)   A lawyer shall not accept compensation for representing a client from one other than the client unless:

> (1)   the client consents after consultation;
>
> (2)   there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship; and
>
> (3)   information relating to representation of a client is protected as required by Rule 1.6.

In <u>Finley v. Home Ins. Co.</u>, 90 Hawaiʻi 25, 975 P.2d 1145 (1998), the Hawaiʻi Supreme Court considered the application of the HRPC rules, including HRPC Rule 1.8(f), to the relationship between the insured, insurer, and the insurer's retained counsel for the insured.  With regard to representation under a reservation of rights, the supreme court stated, "[a]lthough we acknowledge the contractual right of an insurer to select counsel for the insured in the tender of a defense under a reservation of rights, <u>it is well settled that the insured must have the right to reject this tender</u>."  <u>Id.</u> at 35, 975 P.2d at 1155 (emphasis added) (citation omitted).

> Moreover, <u>the right to refuse an insurer's tender of a defense under a reservation of rights is mandated by the HRPC</u>. <u>See</u> HRPC Rule 1.8(f), stating that "a lawyer shall not accept compensation for representing a client from one other than the client unless: (1) the client consents after consultation." The requirement of client consent necessarily implies the right not to consent. Therefore, <u>if the client does not desire the representation under the terms offered by the insurer, the insurer must either choose to defend unqualifiedly or allow the insured to conduct its own defense of the action</u>.

<u>Id.</u> (emphases added) (brackets omitted).

Therefore, without obtaining Reinhardt's consent to representation under a reservation of rights, Retained Counsel did not establish an attorney-client relationship and was not authorized to file motions on Reinhardt's behalf. <u>See</u> HRPC Rule 1.2(a) (2015) ("a lawyer shall abide by a client's decisions concerning the objectives of representation, and, as required by Rule 1.4, shall consult with the client as to the means by which the objectives are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.").  It follows that without Reinhardt's consent, Retained Counsel also did not have the right to appear

in this case on Reinhardt's behalf.  See Cusmano, 93 Hawaiʻi at 415, 4 P.3d at 1113; see also HRS § 605-8(a) (2016) ("The practitioners shall have the right to practice in all the courts of the State, and to appear therein as attorneys in behalf of persons who may choose to retain them, for the prosecution or defense of actions.").

Retained Counsel does not argue that consent to representation was not required or that it should otherwise be excused in this case.  Rather, the answering brief's arguments related to Plaintiffs' third point of error address Plaintiffs' contention that Retained Counsel was required to obtain Reinhardt's waiver of any potential conflicts of interest under the HRPC Rules.[10]  Retained Counsel also argues that given the one-year limitation in HRCP Rule 60(b), counsel "had to file the Motion to Set Aside before the one-year period for the Final Judgment expired on May 18, 2017[.]"  However, Retained Counsel does not argue or provide authority that the time limitation in HRCP Rule 60(b) would allow an attorney to file a motion to set aside without consent of the client.

Therefore, because Retained Counsel did not have the authority to file the Motion to Set Aside or appear in court on Reinhardt's behalf, the Circuit Court erred in granting the Motion to Set Aside and denying the Motion to Disqualify. Resolution of this issue is dispositive, and thus we do not reach whether the Circuit Court erred in granting the Motion to Set Aside on the merits.

### III. Conclusion

For the reasons set forth above, we vacate the Circuit Court's (1) "Order Granting [Reinhardt's] Motion to Set Aside Final Judgment Filed on May 18, 2016 and Order Granting Plaintiffs' Motion for Taxation of Costs and Pre-Judgment Interest Filed on July 28, 2016 and for New Trial"; and (2)

---

[10]  Plaintiffs argue that Retained Counsel was required to obtain Reinhardt's waiver of any potential conflicts of interest under HRPC Rules 1.7 and 1.8(h) because of potential bad faith claims against NIIC.

"Order Denying Plaintiffs' Motion to Disqualify Counsel" both entered on September 6, 2017.  The case is remanded to the Circuit Court for further proceedings consistent with this memorandum opinion.

DATED:  Honolulu, Hawai‘i, February 28, 2023.

On the briefs:

Rebecca A. Copeland,
(Law Office of Rebecca A.
Copeland, LLC)
        and
Sue V. Hansen,
(Law Office of Sue Vo Hansen)
for Plaintiffs-Appellants

Cary T. Tanaka,
Alana B. Rask,
(Law Office of Cary T. Tanaka),
        and
Greg H. Takase,
(Of Counsel)
for Defendant-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge

11